THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711



CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 20, 1970

Hon. Enrique H. Pena
County Attorney
El Paso County
Room 201, City-County Bldg.
El Paso, Texas 79901

Opinion No. M-584

Re: Authority, if any, of
Commissioners Court of
El Paso County to increase
the amount of anticipated
revenue over the amount
submitted in the budget
of the County Auditor
acting as budget officer.

Dear Mr. Pena:

In your letter requesting an opinion from this office,
you state the following facts:

"The Commissioners' Court at its budget
hearing on January 12, 1970, increased the
amount of estimated revenue by $99,090.00,
such increase not being within the anticipated
revenue for the year 1970, as estimated by the
County Auditor. The Commissioners' Court has
determined that they have the power to increase
the anticipated revenue for the year 1970 over
the anticipated revenue estimated by the County
Auditor and that they have authority to do so,
anticipating that they may sell some land be-
longing to the County, there being no contract
for sale nor appraisals of the value of the
land in possession of the Auditor at the time
the budget was prepared and submitted to the
Commissioners' Court by the Auditor.

" . . .

" . . . the population of El Paso County in
the last census was 314,000. . . ."

With regard to these facts, you ask the following
questions:

"Does the Commissioners' Court have authority
to increase the amount of anticipated revenue under
the facts outlined above?

"Can Commissioners' Court increase the an-
ticipated revenue over and above the revenue
anticipated by the County Auditor in a county
of 314,000 population?

"Is land owned by the county which is an-
ticipated to be sold by the county in the current
year, and is estimated to be of a given value by
the Commissioners' Court, there being no contract
of sale concerning said land, nor appraisal other
than that valued by the Commissioners' Court, sub-
ject to be anticipated as revenue for the current
year budget?

" . . ."

Attorney General's Opinion WW-765 (1959) holds as
follows:

"After the office of County Auditor was
created and Article 1665 and Article 1666a,
Vernon's Civil Statutes, were passed, a new,
entire and independent system of rules and
laws were passed relative to the county budget
and county financial reports in counties with
a population in excess of 225,000, thereby
superseding and repealing Articles 1634,
1635 and 1636, Vernon's Civil Statutes, in-
sofar as said articles pertained to such
counties."

In view of the holding in this prior opinion, which
prior opinion it is the policy of this office to follow unless
plainly in error, the County Auditor of El Paso County is the
budget officer for the Commissioners Court.

Article 1666a, Vernon's Civil Statutes, provides, in
part, as follows:

"The County Auditor in all counties having
a population in excess of two hundred and twenty-
five thousand (225,000) as shown by the last

preceding or any future United States Census shall serve as the budget officer for the Commissioners Courts in each county, and on or immediately after January 1st of each year he shall prepare a budget to cover all proposed expenditures of the county government for the current fiscal and calendar year. Such budget shall be carefully itemized so as to make possible as clear a comparison as practicable between expenditures included in the proposed budget and actual expenditures for the same or similar purposes for the preceding year. The budget shall be so prepared as to show with reasonable accuracy each of the various projects for which appropriations are set up in the budget, and the estimated amount of money carried in the budget for each of such projects. The budget shall contain a complete financial statement of the county, showing all outstanding obligations of the county, the cash on hand to the credit of every and each fund of the county government, the funds received from all sources during the previous year, the funds and revenue estimated by the Auditor to be received from all sources during the previous year, the funds and revenue estimated by the Auditor to be received from all sources during the ensuing year, together with a statement of all accounts and contracts on which sums are due to or by the county as of December 31st of the year preceding, except taxes and court costs. . . .

". . . the budget as prepared by the County Auditor shall be acted upon by the Commissioners Court. The Court shall have authority to make such changes in the budget as in its judgment the facts and the law warrant and the interest of the taxpayers demand, provided the amounts budgeted for current expenditures from the various funds of the county shall not exceed the balances in said funds as of January 1st plus the anticipated revenue for the current year for which the budget is made, as estimated by the County Auditor. . . ." (Emphasis added.)

Hon. Enrique H. Pena, page 4 (M-584)

In view of the plain and unambiguous language of Article 1666a, Vernon's Civil Statutes, it is our opinion, in answer to your first two questions, that it is the County Auditor of El Paso County and not the Commissioners Court who has the authority to prepare a budget to include estimated anticipated revenue for the budget year 1970; and the Commissioners Court does not have the authority to budget an amount for the current year which exceeds the anticipated revenue as estimated by the County Auditor.

In answer to your third question, you are advised that there is no provision in Article 1666a, Vernon's Civil Statutes, which would have prohibited the County Auditor of El Paso County from anticipating in the current budget revenue to be received by the county from a proposed sale of real estate during 1970. It has been held that under the general budget laws pertaining to counties of less than 225,000 population that the budget officers who have express authority to estimate anticipated revenues have discretion in exercising that authority. Attorney General's Opinion O-1231 (1939); Guerra v. McClellan, 250 S.W.2d 241 (Tex.Civ.App. 1952) affirmed 258 S.W.2d 72 (Tex.Sup. 1953); Guerra v. Rodriquez, 274 S.W.2d 715 (Tex.Civ.App. 1955, error ref. n.r.e.). It is our opinion that this proposition of law is applicable to the County Auditor's authority under the provisions of Article 1666a, Vernon's Civil Statutes. Consequently, you are advised it is our opinion that it was within the discretion of the County Auditor to fail to estimate as anticipated revenue any amount based upon a proposed sale of county-owned real estate during 1970. However, this opinion does not pass on the question of whether the County Auditor properly exercised his discretion in this regard.

## S U M M A R Y

It is the County Auditor of El Paso County and not the Commissioners Court who has the authority to budget for anticipated revenue for the budget year 1970 and the Commissioners Court does not have the authority to budget an amount for the current year which exceeds the anticipated revenue as estimated by the County Auditor.

It was within the discretion of the County Auditor to fail to estimate as anticipated revenue any amount based upon a proposed sale of county-owned real estate during 1970.

Hon. Enrique H. Pena, page 5 (M-584)

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ivan R. Williams, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman
Gordon Cass
Richard Chote
Howard Fender
Donald Cummings

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant